UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDY VERBIT | : | |
| | : | No. |
| VS. | : | |
| TRUMP ENTERTAINMENT RESORTS, INC. d/b/a TRUMP PLAZA HOTEL AND CASINO | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1. The Plaintiff, Andy Verbit, is an adult individual who resides at 108 Camellia Lane, Egg Harbor Township, NJ 08232.

2. The defendant, Trump Entertainment Resorts, Inc. d/b/a Trump Plaza Hotel and Casino, is a corporation which conducts business in the State of New Jersey and has a place of business located at The Boardwalk at Mississippi, Atlantic City, NJ 08401.

### Jurisdiction

3. This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. Section 2601, et seq.

### Facts

4. Plaintiff commenced employment with defendant in about

May 1985 as a Security Officer.

5. At all times material hereto, plaintiff suffered medical conditions, which qualified as serious and/or chronic health conditions pursuant to the FMLA. These medical conditions will not be specified in this complaint for privacy purposes.

6. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it was engaged in commerce and employed 50 or more employees.

7. On April 22, 2011, plaintiff was an eligible employee under the FMLA because he was employed by defendant for more than one year and he worked at least 1250 hours in the 12 months prior to April 22, 2011. On April 22, 2011, Plaintiff was entitled to up to twelve (12) weeks of FMLA leave because he had not taken any FMLA protected leave in the previous 12 months.

8. On April 22, 2011, plaintiff took three (3) weeks off by order of his physician for a plan of continuing treatment related to the aforementioned serious health condition(s) from which he suffered. Plaintiff did not exceed his allotted FMLA leave time.

9. Plaintiff's treating doctors were health care providers as defined by the FMLA.

10. Plaintiff was placed on a plan of continuing treatment by his health care providers for the medical condition hereinbefore mentioned.

11. On or about April 22, 2011, plaintiff notified his supervisor of his need to take medical leave for a period of three weeks to undergo treatment for the aforementioned serious health condition. Defendant did not object to the plaintiff's request at any time.

12. At all times material hereto, plaintiff provided notice to defendant of his need to take FMLA protected leave as soon as practicable.

13. On May 16, 2011, plaintiff returned from the aforementioned FMLA protected leave. On May 18, 2011, plaintiff felt a dizzy, sweaty and light headed and had some chest pain and he was forced to sit down for two or three minutes and take a drink of water before resuming his work activities. Plaintiff continued to perform his work duties while he was seated. This episode had absolutely no impact on plaintiff's work performance and did not violate defendant's policies or practices.

14. On May 18, 2011, plaintiff was notified that he was suspended for sitting down on the job without calling it in. PP explained that he was forced to sit down due to his symptoms

because he was afraid that he would suffer a heart attack but it subsided after a few minutes and he went back to work. At the end of this suspension, plaintiff was notified that he was terminated for the same reasons given for his suspension.

15. Defendant's proffered reason for plaintiff's termination was false. The true reason why plaintiff was terminated was because he had taken FMLA protected leave between April 22 , 2011 and May 16, 2011.

## COUNT 1- FMLA

16. Plaintiff incorporates by reference paragraphs 1-15 below.

17. Defendant and its agents violated the FMLA by terminating plaintiff because he exercised her rights under the FMLA, and took and requested FMLA protected leave.

18. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for requesting and/or taking FMLA protected leave.

19. Defendant and its agents violated the FMLA by discriminating against plaintiff for taking and/or requesting FMLA protected leave.

20. Defendant and its agents unlawfully interfered with plaintiff's FMLA rights by retaliating against him for taking FMLA protected leave.

21. As a direct result of defendant's unlawful denial of FMLA rights and its termination of plaintiff's employment as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses. Plaintiff has engaged in great efforts to mitigate his damages by searching for new employment, but he has been unsuccessful in his efforts to find equivalent employment to date.

22. Plaintiff is entitled to liquidated damages in an amount which is two (2) times actual damages because defendant and its agents intentionally, and/or in bad faith, violated the FMLA.

23. Plaintiff is entitled to recover reasonable attorneys fees and costs associated with the prosecution of this lawsuit.

24. Plaintiff is entitled to recover interest and any increase taxes on any award of damages he recovers in this matter.

25. Plaintiff is entitled to reinstatement of his employment.

WHEREFORE, plaintiff demands that judgment be entered in his favor against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, attorneys fees, costs, interest, increase in taxes on any such award, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

COUNT 2- NJLAD

26. Plaintiff incorporates by reference paragraphs 1-25 below.

27. Defendant had been aware that plaintiff suffered from the aforementioned chronic health conditions for several years prior to his termination.

28. In about Mid-April 2011, plaintiff was approached by management to consider a "voluntary layoff" because of a planned reduction in force. At that time, plaintiff's Shift Manager, Joanne Henry, suggested he take the layoff "for your own good, because of your health issues." Plaintiff rejected the request for voluntary layoff because he needed to continue to work and was physically able to work.

29. Plaintiff thereafter took the FMLA protected leave referred to herein above between April 22, 2011 and May 16, 2011.

30. The proffered reason given by defendant for plaintiff's termination was pretext to mask the true reason for his termination. The true reason why plaintiff was terminated by defendant was because he was perceived as being disabled (i.e. unreliable because he missed work between April 22, 2011 and May 16, 2011 for reasons related to the aforementioned medical condition and because he complained of health issues in the past.

31. Defendant violated the New Jersey Laws Against Discrimination (the "LAD") by terminating plaintiff because he was regarded as being disabled.

32. As a direct result of defendant's violation of the LAD as aforesaid, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses. Plaintiff has engaged in great efforts to mitigate his damages by searching for new employment, but he has been unsuccessful in his efforts to date.

33. Plaintiff is entitled to punitive damages and compensatory damages for emotional pain and suffering in an amount which is to be determined by the trier of fact in this matter.

34. Plaintiff is entitled to recover reasonable attorneys fees and costs associated with the prosecution of this lawsuit.

WHEREFORE, plaintiff demands that judgment be entered in his favor against defendant for lost pay, lost bonuses, lost benefits, other financial losses, punitive damages, compensatory damages for emotional pain and suffering, attorneys fees, costs, interest, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Dion & Goldberger
1616 Walnut Street
Suite 1100
Philadelphia, PA 19103
Phone: 215-546-6033
Fax: 215-546-6269
Email: samueldion@aol.com
Attorney for Plaintiff